UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ODONIEL JHOVANI HERNANDEZ TINO, on
behalf of himself and all others similarly situated,

                               Plaintiff,

            -against-

HLT CONSULTING & CONTRACTING, INC.

                               Defendant.
------------------------------------------------------------------X

No: 25 Civ. 4109

**COLLECTIVE AND CLASS ACTION COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff Odoniel Jhovani Hernandez Tino, on behalf of himself and all others similarly situated, by his attorneys Pechman Law Group PLLC, complaining of Defendant HLT Consulting & Contracting, Inc. ("HLT"), alleges:

## NATURE OF THE ACTION

1. While employed as a welder at HLT, Hernandez regularly worked more than forty hours per workweek but was paid at the same hourly wage rate for all hours worked, including those over forty. In addition, HLT failed to furnish Hernandez with compliant wage statements at the end of each pay period.

2. Hernandez brings this action on behalf of himself and all similarly situated metalworkers ("Metalworkers") to recover unpaid overtime wages, liquidated damages, statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), the New York Labor Law § 190 *et seq.* ("NYLL"), and the Wage Theft Prevention Act ("WTPA").

## JURISDICTION

3. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, and it has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## VENUE

4. Venue is proper in this Court under 28 U.S.C. § 1391 because the events giving rise to Plaintiff's claims occurred primarily in Yonkers, within this District.

## THE PARTIES

**Plaintiff Odoniel Jhovani Hernandez Tino**

5. Odoniel Jhovani Hernandez Tino resides in the Bronx, New York.

6. Hernandez worked for HLT as a welder from approximately June 16, 2015, to February 17, 2025.

**Defendant HLT Consulting & Contracting, Inc.**

7. Defendant HLT Consulting & Contracting, Inc. is a Maryland corporation headquartered and with a principal place of business at 11690 Garland Road, Greensboro, Maryland 21639.

8. According to its website, HLT has "over 30 years experience in heavy industrial construction, specializing in heavy industrial maintenance, process piping, equipment installation, millwright services, structural steel fabrication and emergency maintenance work." https://www.hltcontracting.com/ (last visited May 14, 2025)

9. Although HLT is located in Maryland, it has "provided welding, fabrication, and pipe-fitting services – along with mechanical support" – to out of state facilities. *See id*.

10. HLT has a contract with and performed work for the ASR Group at its Domino Sugar Yonkers Refinery located at 1 Federal St, Yonkers, New York 10705 during Hernandez's employment.

11. HLT is an "enterprise engaged in commerce" within the meaning of the FLSA.

12. HLT has employees engaged in interstate commerce or in the production of goods for interstate commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for interstate commerce by any person.

13. In each of the three years preceding the filing of this Complaint, HLT's annual gross volume of sales exceeded $500,000.

## FACTUAL ALLEGATIONS

14. Throughout the six years and 228 days preceding the filing of this Complaint (the "Liability Period"), Hernandez and the Metalworkers performed welding, soldering, brazing, cutting, bending, and forging metal to maintain the structure of the Domino Factory. Hernandez and the Metalworkers also took down old pipes, tanks, and miscellaneous metal within the Domino Factory.

15. Throughout his employment at HLT, Hernandez and the Metalworkers typically worked on average sixty hours per workweek, Monday through Saturday from approximately 7:00 a.m. to 5:00 p.m., but occasionally also on Sunday from approximately 7:00 a.m. to 7:00 p.m. However, at different points throughout their employment periods, Hernandez and the Metalworkers worked longer shifts and sometimes worked over seventy hours per workweek.

16. Hernandez's and the Metalworkers' hourly wage rates varied, and typically increased, throughout the Liability Period.

17. HLT paid Hernandez and the Metalworkers at the same hourly rate for all hours worked, including those over forty.

18. For example, from approximately August 2019 through December 2023, HLT paid Hernandez $31 per hour worked, including for hours over forty per workweek.

19. From approximately January 2024 through February 2025, HLT paid Hernandez $33 per hour worked, including for hours over forty per workweek.

20. In addition to their hourly wages, HLT also paid Hernandez and the Metalworkers a $50 per diem benefit, meant for out of state workers to use for lodging.

21. HLT paid Hernandez and the Metalworkers up to forty hours by a payroll check and the rest of the hours plus the per diem benefit on a second check.

22. For example, for the workweek of December 19 to 25, 2022, Hernandez worked forty-three hours, and HLT paid him $1,240 on a payroll check, equal to $31 times 40 hours, and $343 on a second check, equal to $31 times three hours plus $50 times five days.

23. HLT paid Hernandez and the Metalworkers an overtime premium of 1.5 times their regular hourly wage rates only for hours worked on Sunday.

24. For example, for the workweek of April 12 to 18, 2021, Hernandez worked sixty-eight hours (ten of which were on Sunday), for which HLT paid Hernandez $1,240 on a check (*i.e.*, forty hours times $31) plus a second check for $1,373, equal to the sum of: (a) $31 times eighteen hours; (b) $50 times seven days; and (c) $46.50 times ten hours.

25. HLT failed to furnish Hernandez and the Metalworkers with accurate wage statements with each payment of their wages detailing all hours worked throughout their employment and their correct overtime wage rates due.

26. HLT's violations of the WTPA were more than mere technical or administrative errors. They were directly intertwined with and facilitated its ability to forgo paying Hernandez and the Metalworkers their overtime wages due. HLT purposely used two checks to avoid writing more than forty hours on any one check and thereby avoid paying employees their overtime wages due, and HLT chose not to provide Metalworkers with wage notices to further hide from them that they should have received one and one-half times their regular wage rates per hour worked over forty per workweek and not just for Sundays worked. Had HLT complied with the WTPA

requirements, Metalworkers, such as Hernandez, would have known of their rights and confronted it about their unpaid wages due.

## COLLECTIVE ACTION ALLEGATIONS

27. Hernandez brings this action on behalf of himself and all similarly situated Metalworkers who worked for HLT within the three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

28. The FLSA Collective consists of over forty Metalworkers who have been victims of Defendant's common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them overtime wages.

29. Throughout Hernandez's employment, Hernandez and the FLSA Collective have regularly worked more than forty hours per workweek, have performed virtually the same work duties, and have been subjected to Defendant's common pay policies depriving them of overtime wages at the rate of one and one-half times their regular hourly wage rates for all hours worked in excess of forty per workweek.

30. Defendant is aware or should have been aware that the FLSA required it to pay the Metalworkers an overtime premium for hours worked in excess of forty per workweek.

31. Defendant's unlawful conduct has been intentional, willful, and in bad faith and has caused significant monetary damage to Plaintiff and the FLSA Collective.

32. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. All similarly situated Metalworkers can be readily identified and located through Defendant's records. The similarly situated Metalworkers should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b).

## CLASS ACTION ALLEGATIONS

33. Plaintiff brings the claims in this Complaint arising out of the NYLL under Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and a class consisting of all similarly situated Metalworkers who work or have worked for HLT within the Liability Period (the "Rule 23 Class").

34. The employees in the Rule 23 Class are so numerous that joinder of all members is impracticable.

35. The size of the Rule 23 Class exceeds forty individuals, although the precise number of such employees is unknown. Facts supporting the calculation of that number are presently within the sole control of Defendant.

36. Defendant has acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

37. Common questions of law and fact exist as to the Rule 23 Class that predominate over questions affecting them individually, including the following:

   a. whether Defendant violated NYLL Article 6, § 190, *et seq.*, and Article 19, § 650, *et seq.*, and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142, as alleged herein;

   b. whether Defendant failed to pay Metalworkers at the correct overtime rate for all time worked in excess of forty hours per week;

   c. whether Defendant failed to provide Metalworkers with accurate wage statements as required by the NYLL and WTPA;

   d. the nature and the extent of the class-wide injury and the measure of damages for those injuries.

38. Hernandez's claims are typical of the claims of the Rule 23 Class he seeks to represent. Hernandez and the members of the Rule 23 Class work or have worked for Defendant at various times within the Liability Period. They enjoy the same statutory

rights under the NYLL to be paid at the overtime rate for all hours worked over forty in a workweek. Hernandez and the members of the Rule 23 Class have sustained similar types of damages as a result of Defendant's failure to comply with the NYLL.

39. Hernandez and the Rule 23 Class have all been injured in that they have been undercompensated due to Defendant's common policies, practices, and patterns of conduct.

40. Hernandez will fairly and adequately represent and protect the interests of the members of the Rule 23 Class.

41. Hernandez has retained legal counsel competent and experienced in wage-and-hour litigation and class action litigation.

42. There is no conflict between Hernandez and the Rule 23 Class members.

43. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendant's common policies, practices, and procedures. Although the relative damages suffered by the individual class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. Individual plaintiffs lack the financial resources necessary to conduct a thorough examination of Defendant's compensation practices and to prosecute vigorously a lawsuit against Defendant to recover such damages. In addition, class action litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendant's practices.

44. This action is properly maintainable as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

## FIRST CLAIM
### (FLSA – Unpaid Overtime)

45. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

46. Defendant has willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff and the FLSA Collective overtime wages at the rate of one and one-half their regular hourly wage rates per hour worked in excess of forty per workweek.

47. Defendant is an employer within the meaning of 29 U.S.C. §§ 203(d) and 206(a) and employed Plaintiff and the FLSA Collective.

48. Defendant has not made a good faith effort to comply with the FLSA with respect to Plaintiff's and the FLSA Collective's compensation.

49. Defendant was aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Collective.

50. Due to Defendant's violations of the FLSA, Plaintiff and the FLSA Collective are entitled to recover their unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs of the action.

## SECOND CLAIM
### (NYLL – Unpaid Overtime)

51. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

52. Pursuant to the NYLL and supporting New York State Department of Labor ("NYDOL") Regulations, Defendant was required to pay Plaintiff and the Rule 23 Class one and one-half (1½) times their regular hourly rates of pay for all hours worked in excess of forty per workweek.

53. Defendant is an employer within the meaning of the NYLL §§ 190, 651(6), 652, and supporting NYDOL Regulations, and employed Plaintiff and the Rule 23 Class.

54. Defendant failed to pay Plaintiff and the Rule 23 Class overtime wages equal to one and one-half (1½) times their regular hourly rates of pay per hour worked in excess of forty per workweek.

55. Defendant has willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff and the Rule 23 Class overtime wages.

56. Due to Defendant's willful violations of the NYLL, Plaintiff and the Rule 23 Class are entitled to recover their unpaid overtime wages, liquidated damages, pre- and post-judgment interest, and reasonable attorneys' fees and costs of the action.

### THIRD CLAIM
### (NYLL – Failure to Provide Accurate Wage Statements)

57. Plaintiff repeats and incorporates all foregoing paragraphs by reference.

58. The NYLL and WTPA require employers to provide employees with an accurate wage statement with each payment of wages.

59. Defendant's failure to comply with NYLL § 195(3) goes beyond technical violations. It is directly intertwined with and facilitated Defendant's practice and policy of not paying Plaintiff and the Rule 23 Class's overtime wages due.

60. As part of its general practice and policy, Defendant paid Plaintiff and the Rule 23 Class with a payroll checks that did not reflect their total hours worked per workweek and regular and overtime wage rates due, thereby preventing Plaintiff and the Rule 23 Class from knowing whether they received all pay at the correct wage rates due for all hours worked per workweek. Defendant did this on purpose to conceal from Plaintiff and the Rule 23 Class that they were supposed to receive one and one-half times their regular hourly wage rate per hour worked over forty per workweek, not just hours worked on Sunday. Had Defendant complied with the requirements of NYLL § 195(3), Plaintiff and the Rule 23 Class would have known that they were supposed to receive,

and would have received, one and one-half times their regular rate per overtime hour worked.

61. By concealing this information, Defendant avoided paying Plaintiff and the Rule 23 Class their overtime wages due per workweek as alleged in this Complaint.

62. Furthermore, by paying their part of their wages using a secondary check that failed to deduct and report required withholdings, Defendant injured Plaintiff and the Rule 23 Class by failing to pay employer-side payroll taxes, including FICA and social security. This concretely harmed Plaintiff and the Rule 23 Class because Defendant's failure to comply with the requirements of NYLL § 195(3) will, among other things, reduce their entitlement to future social security benefits.

63. As a result of Defendant's violations of NYLL § 195(3), Plaintiff and the Rule 23 Class are entitled to recover statutory damages and reasonable attorneys' fees and costs, pursuant to NYLL.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself, the FLSA Collective, and the Rule 23 Class, respectfully requests that this Court:

a. certify this case as a class action pursuant to Rule 23 for the class of employees described herein, designate Plaintiff as class representative, and designate Plaintiff's counsel as Class Counsel;

b. certify this action as a collective action on behalf of the FLSA Collective and authorize the prompt issuance a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

   c.  declare that Defendant has violated the overtime wage provisions of the FLSA and the NYLL;

   d.  declare that Defendant violated the notice and record keeping provisions of the NYLL and WTPA;

   e.  declare that Defendant's violations of the FLSA and NYLL were willful;

   f.  award Plaintiff, the FLSA Collective, and the Rule 23 Class unpaid overtime wages;

   g.  award Plaintiff and the Rule 23 Class statutory damages as a result of Defendant's failure to furnish them with accurate wage statements at the end of each pay period, in violation of the NYLL and WTPA;

   h.  award Plaintiff, the FLSA Collective, and the Rule 23 Class liquidated damages pursuant to the FLSA and the NYLL;

   i.  award Plaintiff and the Rule 23 Class pre- and post-judgment interest under the NYLL;

   j.  award Plaintiff, the FLSA Collective, and the Rule 23 Class reasonable attorneys' fees and costs of the action pursuant to the FLSA and the NYLL; and

   k.  award such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demand a trial by jury in this action.

Dated:  New York, New York
        May 15, 2025

PECHMAN LAW GROUP PLLC

By: _____
Louis Pechman
Gianfranco J. Cuadra
Pechman Law Group PLLC
488 Madison Avenue, 17th Floor
New York, New York 10022
Tel.: (212) 583-9500
pechman@pechmanlaw.com
cuadra@pechmanlaw.com

*Attorneys for Plaintiff, the Putative FLSA Collective, and Putative Rule 23 Class*